838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CLEAN-TEX A/S, Plaintiff-Appellant,
v.
KLEEN-TEX INDUSTRIES, INC., Defendant/Cross-Appellant.
 Nos. 87-1323, 87-1342.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1988.
 
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Northern District of Georgia finding that Kleen-Tex Industries, Inc. (Kleen-Tex) did not infringe U.S. Patent No. 4,439,475 ('475 patent) is affirmed. The denial of attorney fees to Kleen-Tex under 325 U.S.C. Sec. 285 (1982) is also affirmed.
 
 OPINION
 
 2
 Clean-Tex A/S (Clean-Tex), the assignee of the '475 patent to Lang, sued Kleen-Tex for infringement of that patent. The claims of the '475 patent are directed toward a floor mat or carpet with a rubber backing that has a plurality of perforations, which are defined in independent claim 1 as being "normally closed and ... opened upon the application of a pressing force on the face side." Dependent claim 2 recites that the "perforations are formed to have a valve function." This structure permits water to escape when the mat is placed in a centrifugal contractor during the laundering process.
 
 
 3
 The district court found that Kleen-Tex markets floor mats with a rubber backing that also has small perforations to enable fluid to escape during laundering.
 
 I. Literal Infringement
 
 4
 The district court construed the claims in the '475 patent as being limited to "rubber backed mats with a plurality of perforations which remain physically closed when in their normal plane position of use but physically open upon the application of a pressing force." The court found that the Kleen-Tex mats "have perforations that are normally closed and do not behave like valves;" rather such perforations are "permanently open and do not permit the passage of water under normal conditions of use because of the surface tension of the water." Accordingly the court held that the Kleen-Tex mats do not literally infringe the '475 patent.
 
 
 5
 The district court's construction of the claims is reviewable on appeal as a matter of law. Its findings on infringement are factual determinations and will not be disturbed on appeal unless shown to be clearly erroneous. (Palumbo v. Don-Joy Co., 762 F.2d 969, 974, 226 USPQ 5, 7-8 (Fed.Cir.1985).
 
 
 6
 Here the meaning of the phrase "normally closed ... and opened" was in controversy. The district court properly looked to the prosecution history to interpret this phrase. During the prosecution, original claim 10 of the '475 patent was rejected on the basis that it would have been obvious to form perforations that are "liquid permeable when subjected to a force and ... otherwise liquid impermeable by liquids." In response to this rejection the original claims were cancelled and new claims were added resulting in the elimination of the recitation liquid "permeable"/"impermeable" in favor of the "normally closed ... and opened" recitation. Thus, "normally closed ... opened" was distinguished from, or was more narrow than, the permeable/impermeable recitation. Further, in its request for reexamination, Clean-Tex argued in distinguishing previously uncited patents that all of the claims of the '475 patent, including claim 1, described perforations which "function as valves." We cannot say that the district court's finding that the phrase "normally closed ... opened" in claim 1 means physically closed and opened is erroneous.
 
 
 7
 Clean-Tex argues that the district court erred in construing claim 1 because in concluding that a physical opening and closing is claimed, the court, in effect, determined that the openings function as valves. The functioning as valves recitation appears in claim 2 and, according to Clean-Tex, it may not properly be read into claim 1. While we agree that limitations may not be read from one claim into another, D.M.I., Inc. v. Deere & Co., 755 F.2d 1570, 1574, 225 USPQ 236, 239 (Fed.Cir.1985), the district court did not do so in this case. The mere fact that two claims, properly construed, may be substantially identical does not mean that limitations have been read from one claim into another. Frequently, the claims of a patent may claim the same invention in different words. Tandon Corp. v. U.S. International Trade Commission, 831 F.2d 1017, 1023, 4 USPQ2d 1283, 1288 (Fed.Cir.1987).
 
 II. Doctrine of Equivalents
 
 8
 The district court properly recognized that, when literal infringement is not found, the doctrine of equivalents comes into play. Under the three pronged analysis from Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608-09, 85 USPQ 328, 330 (1950), it must be determined whether the accused device performs substantially the same function, in substantially the same way to achieve substantially the same result as the patented invention.
 
 
 9
 The district court found that Kleen-Tex mats do not infringe the claimed mats under the doctrine of equivalents, because they do not function in substantially the same manner. In its analysis, the court properly looked to the prosecution history to determine the scope of the equivalents to which the claimed mats were entitled. Locite Corp. v. Ultraseal Ltd., 781 F.2d 861, 870, 228 USPQ 90, 96 (Fed.Cir.1986) ("prosecution history estoppel will not allow the patentee to recapture through equivalence certain coverage given up during prosecution"). Based on the prosecution history, the district court held that Clean-Tex could not broaden the scope of its claims to include mats having perforations which do not physically open and close. Whether two devices function as equivalents is a factual inquiry, Raytheon Co. v. Roper Corp., 724 F.2d 951, 961 220 USPQ 592, 600 (Fed.Cir.1983), and the district court's determination in this regard is not clearly erroneous.
 
 III. Attorney's Fees
 
 10
 In its cross-appeal, Kleen-Tex contends that the case should be remanded because the trial court erred in failing to consider the question of attorney fees within the context of Clean-Text's alleged lack of candor in dealing with the Patent and Trademark Office. The district court in denying attorney fees under 35 U.S.C. Sec. 285 (1982) explicitly stated that it did not find "the extraordinary misconduct necessary to justify an award of attorney's fees." In order to prevail on its cross appeal, Kleen-Tex must establish that the district court was clearly erroneous in finding this not to be an exceptional case. Reactive Metals and Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). Kleen-Tex has not demonstrated that such finding was clearly erroneous, having only referred generally to "lack of candor." Generalized allegations are insufficient to permit us to disturb the district court's findings.